UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br><br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. 1:21-cv-00431-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 17) |

Law Offices of Lawrence D. Rohlfing, Inc., CPC, counsel for Plaintiff, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff was served a copy of the motion by mail with instruction to respond, if at all, within 14 days. Doc. 17 at 19. Plaintiff did not file a response. Defendant responded to the motion summarizing the applicable law but taking no position on the reasonableness of the fee request. Doc. 18. A reply was filed on June 6, 2024. Doc. 19. For the reasons below, the motion will be granted.

**I.　　Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded. Doc. 17-1.[1] The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

On March 15, 2021, Plaintiff filed a complaint with the Court seeking review of the administrative decision denying Plaintiff's application for benefits. Doc. 1. However, before the matter was briefed the parties stipulated to remand for further proceedings. The Court also granted Plaintiff's unopposed request

---

[1] The court will use the exhibit numbers and pagination stamped atop the header of each CM/ECF filing, rather than the parties' internal pagination. For example, "Doc. 17-7 at 1" references the 7th exhibit attached to docket entry 17, and the first page thereof.

for EAJA fees in an amount of $850.00.  Doc. 16.  Counsel was not ultimately paid the EAJA fees because they were withheld under the Treasury's offset program to cover child support payments.  Doc. 17-7.

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits of $24,445 of which counsel now seeks 25% ($6,111.25) which the agency withheld for payment to counsel.  Doc. 17-3.

**II.     Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount.  *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

### III.  **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits.  There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.  Counsel's itemized bill reflects 5.03 hours of time spent on tasks such as reviewing the administrative transcript and discussing settlement with opposing counsel.  Doc. 17-4.

Counsel uses the 5.03 hours to determine the effective hourly rate of $1,214.  *Id.*  Defendant by contrast deducts the 2.93 hours of paralegal time and asserts that the effective hourly rate based on only 2.1 hours of attorney time is $2,910.  Although this is a substantial hourly rate, the fee award would not amount to a windfall.  Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants.  *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

Moreover, whether the effective hourly rate is $1,214 or $2,910, it still does not grossly exceed rates approved by other courts under section 406(b).  *See, e.g.*, *Kazanjian v. Astrue*, 2011 WL 2847439, at * 2 (E.D.N.Y. July 15, 2011) awarded $48,064.00 based on 19.75 hours of court work for an effective hourly rate of $2,433); *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

The $6,111.25 total amount is also consistent with total contingent fee awards granted under section 406(b).  *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 17) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $6,111.25 to Law Offices of Lawrence D. Rohlfing, Inc., CPC.

IT IS SO ORDERED.

Dated:  **June 25, 2024**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE